UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:07-CR-00112--SRW |
| | ) | |
| KIMBERLY C. CRONOS | ) | |

## PLEA AGREEMENT

**DEFENSE COUNSEL:**  AYLIA MCKEE

**SPECIAL ASSISTANT U.S. ATTORNEY:**  EMILY M. RUISANCHEZ

## STATUTES CHARGED

18 United States Code Section 13 and Alabama Code Section 32-5A-191(a)(5), unlawfully operating a motor vehicle while under the influence of any substance which impairs the mental or physical faculties of a person to a degree which renders him or her incapable of safely driving.

## CHARGE TO WHICH DEFENDANT PLEADS GUILTY

The Charge detailed in Count I of the Information.

*********************************************************************

Emily M. Ruisanchez, Special Assistant United States Attorney and Aylia McKee, attorney for the Defendant, have, with the authorization of the Defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the Charge pending in the Information, and

1

the Parties have reached a Plea Agreement. The Parties submit the Plea Agreement to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The Parties understand that if the Court does not accept the terms of the Plea Agreement the Defendant will be allowed to withdraw her plea of guilty and to proceed to trial.

## GOVERNMENT'S PROVISIONS

1.  Upon the Defendant entering of a plea of guilty to the offense charged in Count I of the Information, the Government will agree that the appropriate sentence is a fine of six hundred dollars ($600.00) and no period of incarceration. Her privilege to operate a motor vehicle shall be suspended for ninety (90) days.

2.  The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the Defendant's background.

3.  The United States agrees to dismiss the Charge detailed in Count II of the information.

## DEFENDANT'S PROVISIONS

3.  The Defendant agrees to the following:
    a.  To plead guilty to the Charge filed in the Information.
    b.  To waive appeal and collateral attack, as detailed below.

## FACTUAL BASIS

4.      On or about the 6th of December, 2006, at Fort Rucker, Alabama, in the Middle District of Alabama, KIMBERLY C. CRONOS did operate a motor vehicle while under the influence of a substance that impaired her to such a degree that she was unable to safely drive in violation of Title 18, Section 13, United States Code and Alabama Code 32-5A-191(a)(5). Specifically, Military Police officers observed CRONOS behind the wheel of a vehicle that was straddling the curb and partially off the roadway. CRONOS appeared drowsy and unsteady in her movements. She failed all field sobriety tests that were administered. She was found to be in possession of 23 Ambien pills, and a prescription for 30 Ambien pills which had been filled earlier on the same day, 6 December 2006. An empty Benadryl packet was also discovered.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

5.      Understanding that 18 U.S.C. § 3742 provides for appeal by the Defendant, the Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction and sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal or collaterally attack the conviction or the sentence on the ground of ineffective assistance of counsel or prosecutorial misconduct.

The Government does not waive its right to appeal the sentence imposed in this case. The Government does not waive its right to appeal any order dismissing the Information,

vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the Defendant's sentence pursuant to 18 U.S.C. § 3742(b), the Defendant is released from this waiver.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

6. The Defendant, before entering a plea of guilty to the Charge detailed in the Information, advises the Court that:

    a. The discussions between the attorney for the Government and the attorney for the Defendant towards reaching an agreed plea in this case have taken place with the Defendant's authorization and consent.

    b. Defendant acknowledges that a breach of this plea agreement will not entitle her to withdraw her guilty plea in this case. Defendant understands and acknowledges that Defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the Defendant.

    c. The Defendant further understands that she must pay an assessment fee of twenty-five dollars ($25.00) on the date of sentencing.

    d. The Defendant understands that she has a right to be represented by an attorney at every stage of the proceedings.

    e. The Defendant understands that she has the right to plead not guilty and to be tried by a jury. At a trial, the Defendant understands that she would have the right to the assistance of counsel, the right to confront and cross-examine witnesses against her, the right to

4

call witnesses on her own behalf, and the right not be compelled to incriminate herself. The Defendant understands that if she enters a plea of guilty there will not be a further trial of any kind, and that by her plea of guilty she waives the right to a trial either before a jury or before the Court.

      f.    The Defendant understands that the Court may ask questions about the offense to which the Defendant pleads guilty, and he further understands that if she answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against her in a prosecution for perjury or false statement if the answers are not truthful.

      g.    The Defendant understands and advises the Court that her consent to the Plea Agreement as set forth herein and his guilty plea are voluntary and are not the result of any force or threats or of any promises apart from those contained in the Plea Agreement. The Defendant advises the Court that this Plea Agreement is the result of prior discussions between the attorney for the Government and the attorney for the Defendant, all conducted with the Defendant's knowledge, authorization and consent.

      h.    The Defendant advises the Court that her understanding of this Plea Agreement is as set forth in this document.

      i.    The Defendant advises the Court that she understands that the attorney for the Government can only make a recommendation as to the appropriate sentence to be imposed in this case, which recommendation is not binding on the Court.

      j.    The Defendant advises the Court that she understands that evidence of a plea of guilty that is later withdrawn, or of an offer to plead guilty to the crime charged in the

Information, or of statements made in connection with and relevant to said guilty plea or offer to plead guilty, shall not be admissible in any civil or criminal proceedings against the Defendant. However, the Defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty that is later withdrawn, or of an offer to plead guilty to the crime charged in the Information, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the Defendant under oath, on the record, and in the presence of counsel.

      k.    The Defendant is satisfied that Defense Counsel has been competent and effective in representing her.

      7.    The undersigned attorney for the Government and for the Defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the Defendant has advised her of the following: the Defendant's right to plead not guilty and to proceed to trial, and that by pleading guilty she waives her right to be tried by a jury or by the Court; the nature of the charge to which the Defendant is pleading guilty; the maximum possible penalty provided by law; that by pleading guilty the Defendant waives her right to confront and cross-examine witnesses against her and waives her right not to be compelled to incriminate herself. Further, the attorney for the Defendant has advised her that the Court may ask questions about the offense to which the Defendant is pleading guilty, and that if the plea is rejected or later withdrawn that the answers to such questions may not be used against the Defendant in any civil or criminal proceeding, except that, if the Defendant's answers are not truthful, they may later be used against her in a prosecution for perjury or false statement.

8. The Defendant understands that the Court will order the United States Probation Office to prepare a presentence investigation report for the Court.

This **13** day of **May**, 2008.

Respectfully submitted,
LEURA G. CANARY
UNITED STATES ATTORNEY

_____
Special Assistant U.S. Attorney
Office of the Staff Judge Advocate
Soldier Service Center, Building 5700
Fort Rucker, Alabama 36362

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, AYLIA MCKEE.

<s>ignature</s>

_Kimberly C. Cronos_
Defendant

Date: May 13, 2008

_Aylia McKee_
Aylia McKee
Attorney for the Defendant

Date: May 13, 2008

<s>8</s>